IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

KIMBERLY D. BLIZZARD,

        Plaintiff,

v.                                       CIVIL ACTION NO.   2:15-cv-13553

INFINITY HOME MORTGAGES, LLC, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending are Plaintiff Kimberly D. Blizzard's Motion to Remand (ECF No. 8) and Defendants Statebridge Company, LLC ("Statebridge") and Wilmington Savings Fund Society, FSB's ("Wilmington"), responsive Motion to Strike (ECF No. 14).  Also pending is a Motion to Dismiss filed by Statebridge and Wilmington.  (ECF No. 6.)  For the reasons set forth below, the Court **DENIES** the Motion to Strike, **GRANTS** the Motion to Remand, and **REMANDS** this action to state court.

*I.    BACKGROUND*

This action arises out of the refinance of Plaintiff Kimberly D. Blizzard's home mortgage. Plaintiff is a resident of Kanawha County, West Virginia.  (Am. Compl. ¶ 1.)  Infinity Home Mortgage LLC ("Infinity") is a mortgage broker with citizenship in West Virginia.  (*Id.* at ¶ 2(a).) Wilmington, the holder of Plaintiff's loan, is a Florida corporation with its principal place of business in Florida.  (*Id.* ¶ 3; Not. of Removal ¶ 16.)  Statebridge, a loan servicer, is a citizen of Colorado.  (Not. of Removal ¶ 15.)

In the spring of 2004, Plaintiff responded to a solicitation by Infinity to refinance her home loan. Infinity and Plaintiff entered into a broker agreement to arrange the financing. As part of that agreement, Infinity obtained an appraisal of Plaintiff's home to support a loan refinance in the amount of $65,000.00. The loan closed on or about May 26, 2004. (Am. Compl. ¶ 11(b).) Plaintiff received no broker disclosures or loan documents prior to the closing of the loan. (*Id.* ¶¶ 6, 8.) More than ten years later, in October 2014, Plaintiff obtained a retrospective appraisal revealing that the loan amount far exceeded the value of the property at the time of the refinance.

On January 12, 2015, Plaintiff brought suit against Infinity, Wilmington, Fay Servicing, LLC, and Statebridge in West Virginia state court.[1] The Amended Complaint was filed on June 16, 2015, and its surviving claims are seven counts: Count I alleges unconscionable broker agreement against Infinity; Count II alleges unconscionable loan contact and inducement against Infinity and an unspecified loan servicer; Count III alleges fraud against Wilmington; Counts VI, VII, and VIII allege illegal charges, excessive late charges, and failure to provide a full statement of account against Statebridge; and Count X alleges joint venture and agency against all defendants.[2] Count IX, a claim for failure to provide the identity of the loan holder, was brought exclusively against Fay and has since been dismissed.

On September 29, 2015, Wilmington, Fay, and Statebridge removed the case to federal court, asserting fraudulent joinder of Infinity and invoking this Court's diversity jurisdiction. 28 U.S.C. § 1332(a)(1). On November 23, 2015, Plaintiff moved to remand on the ground that the

---

[1] On August 17, 2016, Plaintiff notified the Court that she has settled her claims against Fay. Fay has since been dismissed as a defendant to this action.

[2] The counts of the Amended Complaint are misnumbered, skipping numerals IV and V. For ease of reference, the Court continues to identify each Count by the numeral assigned to it in the Amended Complaint.

removing defendants failed to establish fraudulent joinder. The removing defendants did not directly responded to the remand motion; instead, they moved to strike Plaintiff's motion as untimely.[3] The Court is compelled to address these motions, which raise jurisdictional questions, prior to reaching the pending motion to dismiss. *See McCoy v. Norfolk S. Ry. Co.*, 858 F. Supp. 2d 639, 642 (S.D. W. Va. 2012) ("[I]t is ordinarily improper to resolve the motions to dismiss before deciding the motion to remand.").

## II.  LEGAL STANDARD

Congress has provided a right of removal from state to federal court if a case could have originally been brought in federal court. 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over civil actions between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(2).

Normally, the naming of a nondiverse defendant would defeat removal on the basis of diversity jurisdiction. The doctrine of fraudulent joinder, however, permits a district court to "disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). The Fourth Circuit lays a "heavy burden"

---

[3] The removing defendants move to strike Plaintiff's Motion to Remand as untimely because it was filed more than thirty days after the filing of the Notice of Removal. *See* 28 U.S.C. § 1447(c). They recognize an exception to this deadline exists where the request for remand is premised on a lack of subject matter jurisdiction; however, they fail to recognize the applicability of that exception here. The Court **DENIES** the Motion to Strike for this simple reason: "[t]he question arising on [a] motion to remand as to whether there has been a fraudulent joinder is a jurisdictional inquiry." *Stafford EMS, Inc. v. J.B. Hunt Transp., Inc.*, 270 F. Supp. 2d 773, 774–75 (S.D. W. Va. 2003) (citing *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992)). Plaintiff's Motion to Remand was not subject to the thirty-day deadline. *See Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) ("Subject matter jurisdiction cannot be conferred by the parties, nor can a defect in subject-matter jurisdiction be waived by the parties. . . . Accordingly, questions of subject-matter jurisdiction may be raised at any point during the proceedings[.]" (internal citation omitted)).

3

upon a defendant claiming fraudulent joinder. *Johnson v. Am. Towers, LLC*, 781 F.3d 693, 704 (4th Cir. 2015) (quoting *Hartley v. CSX Trans., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999)). "The removing party must show either 'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" *Id.* (quoting *Hartley*, 187 F.3d at 424) (emphasis in original).

This "rigorous standard" strongly favors the plaintiff. *Id.* It requires a showing not of ultimate success on the merits of the claim, but only of a "possibility of a right to relief" against the nondiverse defendant. *Id.* (quoting *Marshall v. Manville Sales Corp.*, 6. F.3d 229, 233 (4th Cir. 1993)); *Hartley*, 187 F.3d at 424 (noting the fraudulent joinder standard is even more liberal than the standard for resolving a motion to dismiss). In making this determination, the plaintiff is entitled to the resolution of all factual and legal issues in her favor. *Mayes*, 198 F.3d at 465. Fraudulent joinder claims are thus "subject to a rather black-and-white analysis in this circuit," with "[a]ny shades of gray . . . resolved in favor of remand." *Adkins v. Consolidation Coal Co.*, 856 F. Supp. 2d 817, 820 (S.D. W. Va. 2012). A plaintiff need only demonstrate a "glimmer of hope" of success in order to have the case remanded. *Hartley*, 187 F.3d at 425.

### III. DISCUSSION

The jurisdictional facts in this case are not in dispute. Thus, the question for fraudulent joinder purposes is whether there is no possibility that Plaintiff can establish a cause of action against Infinity in West Virginia state court. Plaintiff has alleged three causes of action against Infinity: unconscionable broker agreement (Count I), unconscionable loan contract and inducement, (Count II), and joint venture and agency (Count X). If Plaintiff demonstrates a

possibility of a right to relief on any of these three claims, *Johnson*, 781 F.3d at 704, the Court lacks subject matter jurisdiction and the case must be remanded.

The Court focuses its attention exclusively on Count II, the unconscionable loan contract and inducement by unconscionable conduct claim, as it is this claim that most soundly defeats the Removing Defendants' allegations of fraudulent joinder. Count II mirrors the statutory language of the West Virginia Consumer Credit and Protection Act ("WVCCPA"), which, at the time of filing of this action, stated in relevant part as follows:

> (1) With respect to a transaction which is or gives rise to a consumer credit sale, consumer lease or consumer loan, if the court as a matter of law finds:
>
> (a) The agreement or transaction to have been unconscionable at the time it was made, or to have been induced by unconscionable conduct, the court may refuse to enforce the agreement[.]

W. Va. Code § 46A-2-121 (amended 2016).[4] By its terms, this statute seems to recognize two variants of an unconscionability claim: one focusing on the terms of the agreement itself and the other examining whether the contract was induced by unconscionable means. *See McFarland v. Wells Fargo Bank, N.A.*, 810 F.3d 273, 277–78 (4th Cir. 2016) (addressing an identically-pled claim). This first iteration of unconscionability—whether the agreement was unconscionable at the time it was made—is a well-entrenched doctrine of West Virginia common law. It allows a court to "refus[e] to enforce the contract as written" where the contract is grossly imbalanced or one-sided. *Brown v. Genesis Healthcare Corp.*, 729 S.E.2d 217, 226 (W. Va. 2012). This form of unconscionability "requires a showing of both substantive unconscionability, or unfairness in the contract itself, and procedural unconscionability, or unfairness in the bargaining process."

---

[4] As explained *infra*, West Virginia Code § 46A-2-121 was amended in the months following the filing of this lawsuit. The significance of that slight, though significant, amendment is discussed below.

*McFarland*, 810 F.3d at 277 (citing *Genesis Healthcare*, 729 S.E.2d at 221); *Genesis Healthcare*, 729 S.E.2d at 227 (noting a contract term is unenforceable only if it is both procedurally and substantively unconscionable, though both need not be present to the same degree).

The Removing Defendants' opposition to Count II centers on Plaintiff's ability to prove substantive unconscionability. Plaintiff's Amended Complaint identifies a single allegedly unconscionable feature of her loan contract: that "the loan is for an amount that far exceeded the value of the property that it is secured by." (Am. Compl. ¶ 27.) The Removing Defendants argue that Plaintiff has no chance of success on this claim because evidence of an inflated appraisal, without more, is not evidence of substantive unconscionability. (Not. of Removal ¶ 35.) This interpretation of the WVCCPA has long been the rule in this Court and, more importantly, was recently embraced by the Fourth Circuit. *McFarland*, 810 F.3d at 280–81 ("We agree with the district court that under this standard, a mortgage agreement would not be deemed substantively unconscionable solely because it provides a borrower with more money than his home is worth. . . . [R]eceiving too much money from a bank is not what is generally meant by 'overly harsh' treatment[.]"); *see Corder v. Countrywide Home Loans, Inc.*, No. 2:10-0738, 2011 WL 289343, at *9 (S.D. W. Va. Jan. 26, 2011) ("[T]he alleged fact that the loan 'far exceeds' the market value of the Plaintiffs [sic] home does not, by itself, support the inference that the loan terms were unconscionable at the time of the transaction."). In light of this precedent, this Court must once again conclude that an under-collateralized loan, without more, cannot meet the standard for substantive unconscionability. Plaintiff has no chance of success on that aspect of her unconscionable contract claim.

This does not end the analysis, however, because the Court must still address the viability of Plaintiff's unconscionable inducement claim. The Removing Defendants do not mention this alternative theory of unconscionability in their Notice of Removal. Their oversight is not entirely surprising, as a claim for unconscionable inducement under the WVCCPA has never been explicitly recognized by the West Virginia Supreme Court of Appeals. *But see Quicken Loans, Inc. v. Brown*, 737 S.E.2d 640, 656–57 (W. Va. 2012) (upholding findings under West Virginia Code § 46A-2-121 that the plaintiff's loan was both induced by unconscionable conduct and was "an unconscionable loan product"). Following in the wake of *Quicken*, however, the Fourth Circuit has predicted that West Virginia's highest court "would rule that the WVCCPA authorizes a stand-alone claim for unconscionable inducement." *McFarland*, 810 F.3d at 284. As explained in *McFarland*, an unconscionable inducement claim under the WVCCPA is "predicated on the process leading up to contract formation and independent of any showing of substantive unconscionability."[5] *Id.* Thus, under this conception of the unconscionability doctrine, Plaintiff may succeed on a claim for unconscionable inducement "even when the substantive terms of [her] contract are not themselves unfair." *Id.* at 276.

Even if Plaintiff has managed to escape the substantive unconscionability requirement, the lingering question is whether Plaintiff has adequately alleged that Infinity used unconscionable means to induce her to agree to the contract. Evidence needed to support a claim of

---

[5] The Fourth Circuit identified three reasons for recognizing an independent unconscionable inducement claim: first, the West Virginia Supreme Court of Appeals nearly did so in *Quicken*; second, by using the word "or," the plain language of the WVCCPA "unmistakably signals" unconscionable inducement as a distinct cause of action; and third, the comments to the Uniform Commercial Code, which the West Virginia Supreme Court of Appeals has recognized are "highly instructive" in interpreting the WVCCPA's unconscionability provisions, recognize a distinct cause of action for inducement by unconscionable conduct. *McFarland*, 810 F.3d at 284–85.

7

unconscionable inducement is "different and higher" than that required to show procedural unconscionability. *McFarland*, 810 F.3d at 286. While procedural unconscionability is often shown through "status" factors such as "the relative positions of the parties, the adequacy of the bargaining position, and the meaningful alternatives available to the plaintiff"—in other words, factors outside of the lender's control—the Fourth Circuit reasoned that unconscionable inducement likely turns on "affirmative misrepresentations or active deceit." [6] *Id.* (quoting *Quicken*, 737 S.E.2d at 657).

Here, the inflated appraisal is just one of several misrepresentations Plaintiff alleges were employed by Infinity in inducing her agreement to the loan refinance. All told, she alleges Infinity (1) failed "to provide information about all the essential elements of the transaction," including copies of the loan documents; (2) misrepresented the terms of the transaction at closing; and (3) misrepresented the market value of the home. (Am. Compl. ¶ 26.) These allegations are virtually non-distinguishable from the pre-acceptance conduct that the West Virginia Supreme Court of Appeals found supported a conclusion that a loan was induced by unconscionable conduct. *Quicken*, 737 S.E.2d at 657 (noting the lender's unconscionable conduct included a "false promise" of refinancing, the surprise introduction of a balloon payment at closing, nondisclosure of material terms, a negligently conducted appraisal review, and a failure to realize the highly inflated appraisal submitted by its appraiser). The Court finds that these allegations constitute "affirmative misrepresentations, active deceit, or concealment of a material fact," W.

---

[6] Following the Fourth Circuit's decision in *McFarland*, the West Virginia Legislature amended West Virginia Code § 46A-2-121(1)(a) to insert a description of conduct that will support a claim for unconscionable inducement. The amended statute, which took effect June 8, 2016, requires evidence such as "affirmative misrepresentations, active deceit or concealment of a material fact" to prove a loan agreement was induced by unconscionable conduct. W. Va. Code § 46A-2-121(a)(1).

Va. Code § 46A-2-121(1)(a), and suffice to state a possible claim for inducement by unconscionable conduct. Plaintiff has demonstrated a chance of success against Infinity, the non-diverse defendant, on Count II, and the Court therefore **FINDS** that it lacks subject matter jurisdiction over this action.[7]

### IV. CONCLUSION

Accordingly, the Court **DENIES** the Motion to Strike (ECF No. 14), **GRANTS** Plaintiff's Motion to Remand (ECF No. 8), and **DIRECTS** the Clerk of the Court to remand this action to the Circuit Court of Kanawha County, West Virginia.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 21, 2016

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

---

[7] The Court's finding that Plaintiff states a possible claim against Infinity on Count II is enough to require remand, and the Court has not considered whether Plaintiff's other claims against Infinity are fatally flawed. Nonetheless, a brief discussion of Count X as it applies to Infinity is warranted. A joint venture and agency claim may be asserted independently but must be based on other underlying claims. *See Croye v. GreenPoint Mortgage Funding, Inc.*, 740 F. Supp. 2d 788, 799 (S.D. W. Va. 2010). Plaintiff's pleading does not specify the underlying claims upon which her joint venture and agency claim rests. To the extent Plaintiff seeks to hold Infinity liable for unconscionable contract under a joint venture and agency theory, (Am. Compl. ¶¶ 45–50), the Court's favorable ruling on the unconscionable inducement claim precludes dismissal of the joint venture claim as well. *See McFarland*, 810 F.3d at 286 n. 7 (reversing the district court's dismissal of joint venture and agency claim for failure to make the necessary showing for unconscionability and remanding for consideration in light of its discussion of unconscionable inducement).